IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MICHAL HALL and
GARY HALL,

    Plaintiffs,

v.                                      Case No. CV 04-J-0434-NE

WYETH, et al.,

    Defendants.

**ENTERED**
**MAR 9 2004**

## MEMORANDUM OPINION

This matter is before the court *sua sponte*. The court finds that it lacks subject matter jurisdiction over the above-entitled removed case because the removing defendant has failed to carry its heavy burden of proof of fraudulent joinder and the attendant lack of complete diversity of the parties. The court finds as follows:

Plaintiffs filed suit in the Circuit Court of Madison County against defendant Wyeth, Inc. ("Wyeth"), and two of defendant Wyeth's pharmaceutical sales representatives, Stacy Stubblefield ("Stubblefield") and Michael Sullivan ("Sullivan"). The parties do not dispute that at least one of the sales representatives, Stubblefield, is an Alabama resident. The plaintiffs assert claims under the Alabama Extended Manufaturer's Liability Doctrine (AEMLD), negligence, breach of warranties, misrepresentation and suppression, civil conspiracy and loss of consortium arising from plaintiff Michal Hall's use of the diet drug Pondimin alone

and/or in combination with Phentermine. Defendant Wyeth removed this action from the Circuit Court of Madison County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendant Stubblefield was fraudulently joined as the plaintiffs have no reasonable possibility of prevailing on any of their claims against him. Notice of Removal, ¶¶ 4, 8.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship.").

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff would be able to establish a cause of action against the resident [non-diverse] defendant." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The defendant, as the party removing the action to federal court, has the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).[1]

---

[1] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. [citations omitted] Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... removal statutes are construed narrowly; ... uncertainties are resolved in favor of remand. [citations omitted]"

Plaintiffs allege in their complaint that each of the individual defendants promoted, distributed, sold, and/or marketed Pondimin and Redux and made representations to plaintiff Michal Hall's prescribing physician concerning these drugs. Complaint, ¶¶ 16, 19, 37-40, 71-88. Based on these representations, the plaintiff was prescribed these drugs by her physician. *Id.* Defendant Wyeth asserts that the non-diverse defendant never promoted Pondimin and hence, said individual defendant can not be liable for the plaintiffs' injuries from Pondimin. Notice of Removal, ¶ 10. However, this argument goes to the merits of the plaintiffs' claims against the non-diverse defendant, which is not the issue before this court. The fact that plaintiffs may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand.

Rather, this court may only consider whether the plaintiffs have the possibility of stating a valid cause of action against the non-diverse defendant. *Triggs*, 154 F.3d at 1287. Stubblefield does not deny that he made representations concerning Pondimin or Redux to physicians based on information provided to him by Wyeth. Affidavit of defendant Stubblefield.[2] Because the court need only find one possible valid cause of action against the non-diverse defendant, the court considers only the

---

[2]The court notes that defendant Stubblefield's affidavit omits a heading indicating what County and State in which the notary public serves. The court further notes that the affidavit of defendant Sullivan has the style of a different case.

plaintiffs' claim of fraudulent misrepresentation and suppression, which the plaintiff has pleaded against all defendants.

To establish misrepresentation under Alabama law, irrespective of whether the misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must prove: "(1) a false representation; (2) that the false representation concerned an existing material fact; (3) that the plaintiff relied on the false representation; and (4) that the plaintiff was damaged as a proximate result of the reliance." *Chase v. Kawasaki Motors Corp.*, 140 F. Supp. 2d 1280, 1291 (M.D. Ala. 2001). The fact that the representation was made to a different individual than the one suffering the injury is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v. Halstead*, 605 So. 2d 1181, 1184 (Ala. 1992) ("if a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place"); *Chase*, 140 F. Supp. 2d at 1291, n. 8 ("The court notes that under Alabama law it is not always required that a plaintiff prove that a misrepresentation was made directly to him, so long as his injuries resulted from the misrepresentation."). Thus "there is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation." *Wheelan v. Sessions*, 50 F. Supp. 2d 1168, 1174 (M.D. Ala. 1999)

5

(quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So. 2d 390, 396 (Ala. 1989)).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, a drug representative should reasonably foresee that physicians' reliance on his representations will cause physicians to prescribe the products he promotes to the physicians' patients for their consumption. There can be no other purpose for the promotion of said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F. Supp. 2d at 1293 (citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934)). *See also Ex parte Grand Manor Inc.*, 778 So. 2d 173, 182 (Ala. 2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff."); 37 AM. JUR. 2D § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the

6

misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them."). The court is therefore of the opinion that the plaintiffs have stated a cause of action for misrepresentation against the non-diverse defendant.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud if such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So. 2d 441, 443 (Ala. Civ. App. 1979).

Having reviewed the allegations set forth in the plaintiffs' complaint, the court finds such allegations do state a possible cause of action against the resident defendant. The plaintiffs need not have a winning case against the allegedly fraudulent defendant; they need only have a possibility of stating a valid cause of

7

action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiffs have stated a claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Madison County, Alabama, by separate Order.

**DONE** this the ___9___ day of March, 2004.

　　　　　　　　　　　　　　　　　　　　/s/ Inge P. Johnson
　　　　　　　　　　　　　　　　　　　　INGE P. JOHNSON
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE